## CEMENT GRAVEL CO. *v.* WYLLY, WILSON & BLACK.

Under the facts appearing in the present record there was no error in granting the injunction.

Argued June 9,—Decided July 25, 1898.

Petition for injunction. Before Judge Callaway. Richmond county. May 11, 1898.

On December 16, 1897, the plaintiffs brought suit in the court of common pleas of Aiken county, South Carolina, against Wylly, Wilson & Black, to enjoin them from mining and removing sand and gravel from certain land in that county, during the continuance of a lease under which the plaintiffs claimed to own the same, and to recover damages for interference with the plaintiffs' rights in the premises. The court issued a rule requiring the defendants to show cause why an interlocutory injunction should not be granted as prayed; the defendants answered; and the court, after hearing the case, ordered that they give bond in a sum stated, conditioned to pay such damages as the plaintiffs might sustain by reason of the defendants retaining and using certain portions of the land as allowed in the order, should the plaintiffs prevail in the suit, and that upon the

execution of the bond the rule be discharged.   On January 11, 1898, bond was given as required.   After the suit was begun, the plaintiffs at various times instituted proceedings in courts of the State of Georgia for the seizure of gravel which the defendants had taken from the premises in question and shipped into this State, and on February 26, 1898, at which time there were pending an attachment suit in the superior court of Richmond county, Georgia, between the same parties, brought by the plaintiffs in the original suit, and a trover suit in a justice's court of Chatham county, brought by them against a railway company for the recovery of gravel received by it from the defendants for transportation, the latter brought to the superior court of Richmond county their petition against the plaintiffs (who were residents of that county), for an injunction to restrain them from further prosecuting the pending attachment and trover suits, and from instituting further actions against the petitioners or against the railway companies transporting gravel taken from the premises in dispute, until a final adjudication should be had in the original suit in South Carolina, and from claiming any indebtedness as due for the value of the gravel removed by the petitioners from the premises in dispute, or a right of ownership of the gravel when removed from the realty.   The parties were competitive bidders for the sale of gravel to Chatham county, and the gravel sought to be recovered in the trover suit was intended as a sample to be furnished to the county authorities.   The petitioners prayed that the defendants in the present case be also enjoined from asserting ownership of the gravel in any competition for bids for its sale in Chatham county or elsewhere until finally decreed to be the owners thereof.   The petitioners alleged that the proceedings instituted by the defendants touching the gravel shipped into this State were instituted for the purpose of preventing competition and keeping the petitioners from bidding for the sale of gravel, and that a similar course of procedure would be instituted by the defendants with regard to all gravel shipped into this State by the petitioners; that under the proceedings pending in South Carolina full justice could be done, the court in which those proceedings were pending being the only tribunal

having original jurisdiction over the land itself; that the bond filed in that case was full protection against any pecuniary damage to the opposite parties, and the latter, having accepted the bond, were bound by the judgment of the court and estopped from further proceedings in South Carolina or elsewhere until the rights of the respective parties should be adjudicated; that in the proceedings in Georgia, the parties instituting the same not only claim ownership of gravel removed from the premises since the filing of the bond, but also claim that the petitioners are indebted to them for the value thereof; all of which actions by them are contrary to equity and good conscience.

Defendants answered, setting forth that they were the owners of the exclusive right to mine sand and gravel from the land in question, and averring that the petitioners had no rights in the premises; that the gravel shipped into this State was the property of the defendants; that it was the purpose of the petitioners to further trespass upon the property of the defendants, and, in defiance of the protection afforded defendants by the court of South Carolina, to dig and remove their gravel, and that the petitioners had an adequate remedy at law. The plaintiffs by amendment denied that defendants were the owners of the exclusive right to mine sand and gravel from the premises in dispute, and contended that the same was the property of plaintiffs, that this question could only be decided in the State of South Carolina, where the land lies and where the same issue is pending, and that the superior court of Richmond county had no jurisdiction to determine the question. The court granted an injunction as prayed, and the defendants excepted.

*Henry C. Hammond,* for plaintiffs in error.
*Frank H. Miller* and *William K. Miller,* contra.

COBB, J. The present controversy involves the right to take gravel and sand from a lot of land situated in the State of South Carolina. One party claimed to be the owner of a lease under which that right was acquired; the other party claimed to be the owner of the lot, and that the lease under which the first party claimed had expired. The person claiming to be the owner of the lease applied to the court of common pleas in South Caro-

lina, for an injunction to restrain the parties claiming to be the
·owners of the land from mining and removing sand and gravel
therefrom during the continuance of the lease under which the
.applicants claimed.   Upon the hearing of this application for
injunction, the court ordered that the persons claiming to be the
·owners of the property should give bond in a sum stated, condi-
tioned to pay to the persons applying for the injunction such
·damages as might be sustained by them by reason of the removal
by the obligors of the sand and gravel, should the persons who
·claimed to be the owners of the lease finally prevail in the suit,
and that, upon the execution of such a bond, the injunction.
would be denied.   A bond of the character required in the order
was promptly executed and filed, and the persons claiming to be
the owners of the lot, as they had a right to do under the order,
·continued to remove the sand and gravel.   Portions of such
·sand and gravel were brought into this State for sale, and upon
arrival here, the parties claiming to be the owners of the lease
·caused the same to be seized under sundry attachment and bail-
trover proceedings instituted in the different counties where the
property was found.   The parties claiming to be the owners of
the land brought their petition to the superior court of the
county in which the persons claiming to be the owners of the
lease resided, praying that the proceedings instituted by attach-
ment and bail-trover in this State be enjoined, and that further
proceedings of a similar nature, which were threatened, be also
enjoined, until the question at issue (the title to the land) could
be settled by the court of common pleas of South Carolina, to
which court the persons claiming to be the owners of the lease
had voluntarily submitted their rights for adjudication.   Upon
this application an injunction was granted as prayed for.   We
·see no error in this ruling.   The persons claiming to have ac-
quired an interest in the land in South Carolina by the lease, al-
though residents of this State, having voluntarily submitted this
question for adjudication to a court of that State, must abide
by the judgment of that court as long as the proceeding is pend-
ing there, and they can not, while having their adversaries un-
·der·bond to respond in damages in a suit instituted in that State,
.institute in the courts of this State proceedings of a character

which, if they had been begun in the State of South Carolina, would have amounted to a contempt of the order which they had obtained in their behalf there.    The question at issue between the parties, involving the title to the land in controversy, can only be settled properly by the courts of the State in which the land is situated; and that the parties will be remitted to the remedies given them by the courts of that State is certainly true where there have been, before the beginning of any suits in this State, appropriate proceedings begun there by the parties who are undertaking to use the processes of the courts of this State to accomplish that which they failed to accomplish when they called into exercise the processes of the court of the other State. As long as the proceedings in South Carolina begun by the defendants in the present case are pending, and they are secure from loss by the bond required to be given in that State, it is inequitable for them to attempt, by proceedings instituted in this State, to acquire an advantage over their adversaries which could not be acquired in any way whatever in the courts of the State where they have voluntarily gone to have their rights adjudicated.    If they had not applied to the courts of South Carolina in the first instance, their right to claim by appropriate proceedings the property as it came into this State might have existed, but they can not appeal to the courts of South Carolina, and being disappointed there, because a satisfactory order is not secured, make another appeal to the courts of this State, without abandoning entirely the application to the South Carolina court.    As stated above, they have secured a bond in South Carolina to indemnify them against loss on account of the conduct of their adversaries.    If this bond is inadequate, it is only one of the many unfortunate consequences which sometimes result in litigation.    If the right to appeal to the courts of this State by attachment, bail-trover, or other appropriate proceedings, is more advantageous than the remedy which they have acquired under the order of the South Carolina court, a dismissal of the South Carolina action is necessary as a condition precedent to removing the controversy to the courts of this State.

*Judgment affirmed.    All the Justices concurring.*